## FISCHER v. HALL.

Court of Appeals of District of Columbia.

Submitted November 12, 1928. Decided Dec. 3, 1928.

No. 2070.

Hervey S. Knight, of Chicago, Ill., Edward W. Shepard, of Washington, D. C., and Albert F. Robinson, of Chicago, Ill., for appellant.

Ralph G. Lockwood, of Indianapolis, Ind., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The invention involved herein relates to expansion joints

for concrete pavements, consisting of a slab composed of asphalt or like material reinforced by wooden strips. They are said to be used in connection with concrete or block pavement and curb, also transversely across the pavement to take up the expansive and contractive stresses and strains. They are made in dimensions which adapt them to serve as the dividing wall between sections of paving, such as expand and contract laterally, and for this purpose they should be rigid vertically but flexible horizontally. These qualities permit them to be installed between the edges or sides of the concrete paving when irregular in outline, and at the same time prevent them from expanding upwardly under atmospheric heat so as to protrude above the level of the pavement.

Hall is the senior party, but Fischer claims priority of conception and reduction to practice, and seeks to excuse any delay on his part because of a lack of means. He invokes also the doctrine of employer and employee because of contractual relations which existed between the two parties, and also raises a question of originality. Both parties are applicants and both took testimony, which was in part conflicting. The tribunals of the patent office unanimously sustained Hall, and awarded priority of invention to him, whereupon Fischer appealed.

Counts 1 and 5 are illustrative, and read as follows:

"1. An expansion joint comprising an asphalt composition or equivalent material provided with a plurality of wooden strips imbedded or enclosed therein."

"5. An expansion joint comprising a strip of asphalt or equivalent material provided with a reinforcement comprising a thin layer of wood flexible transversely of the grain so as to form in substance a plurality of wooden reinforcing splinters."

The questions involved in the case are largely questions of fact, and upon these the lower tribunals all found against Fischer. The decision of the examiner of interferences contains a full discussion of the case, and the examiners in chief, after a sufficient review of it, added the statement, "It is believed unnecessary to further present our own opinions substantially the same as those reached by the examiner of interferences, and it is believed that further discussion thereof or reference to the several grounds of error alleged to be made would amount to duplication of decisions reached by the examiner of interferences. Furthermore, the various conclusions presented by the brief of Fischer are not considered as supported by the rec-ord or to justify a modification or reversal of the decision of the examiner of interferences." We entertain the same opinions as those expressed by the examiners-in-chief, and we consider it unnecessary to restate them in terms which must agree essentially with those of the decisions already rendered in the case. It is sufficient for us simply to affirm the decision of the Commissioner of Patents. Affirmed.